1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| Immanuel C. Price,<br><br>                              Plaintiff,<br><br>           v.<br><br>Alexandru Galiu, Deputy Sheriff,<br><br>                              Defendant. | Case No.        16cv412 BEN (PCL)<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE RE:**<br><br>**DEFENDANT'S MOTION TO DISMISS (Docs. 7 and 11 ); and**<br><br>**PLAINTIFF'S MOTION TO AMEND (Doc. 21).** |
|---|---|

Plaintiff Immanuel C. Price, a state prisoner proceeding *pro se*, filed a Complaint under the Civil Rights Act 42 U.S.C. §1983, alleging violations of his Eighth Amendment right against cruel and unusual punishment when he was in the San Diego Central Jail. (Doc. 1, at 3.)  Defendants have filed a motion to dismiss the complaint on the grounds that Plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477, 486 (1994) and that the claim has not been exhausted at the state level. (Doc. 7-1; Doc. 11.)

Plaintiff has also filed a motion to amend his complaint, seeking to add additional facts and two causes of action. (Doc. 21.) Defendants oppose the motion.

The Honorable Roger Benitez referred these matters to the undersigned Judge for Report and Recommendation pursuant to 28 U.S.C. 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(d). After a thorough review of the complaint, Defendant's motion to dismiss, and Plaintiff's motion to amend, this Court recommends that Defendant's Motion to

1

1  Dismiss be **GRANTED IN PART**  and that Plaintiff's motion to amend be **DENIED**.

2  <center>**I. BACKGROUND**</center>

3      Plaintiff filed a complaint against Deputy Aleandru Galiu, alleging a federal

4  civil rights claim for excessive force that he characterizes as cruel and unusual

5  punishment based on an incident that occurred on February 28, 2014 when he was an

6  inmate at the San Diego Central Jail. (Doc. 1, at 1.) Plaintiff alleges that unidentified

7  deputies saw that Plaintiff had a bag of marijuana in his mouth and a struggle ensued

8  as the deputies tried to remove the drug from Plaintiff's mouth. (Doc. 1, at 3.)

9      Deputy Galiu responded to the scene when he heard the commotion. During the

10  struggle to retain the marijuana in his mouth, Plaintiff flailed his arms and legs and

11  kicked Deputy Galiu in the groin. (Doc. 1, at 3.) Plaintiff alleges that Deputy Galiu

12  punched him in the left eye, slammed him to the ground, and kneed him in the nose

13  resulting in injuries. (Doc. 1, at 3.)

14      On April 18, 2014, a criminal complaint was filed as a result of Plaintiff's

15  battery on Deputy Galiu, charging Plaintiff with resisting an executive officer with

16  force in violation of Penal Code section 69. He was also charged with possessing a

17  controlled substance in the jail in violation of Penal Code section 4573.6. (Doc. 11-1,

18  at 12-22, Criminal Complaint Case No. SDC255402.) On April 6, 2015, Plaintiff

19  entered a guilty plea to both counts and admitted "[he] unlawfully resist[ed] an

20  executive officer with force during the lawful performance of his duties." (Doc. 11-1,

21  at , Plea Form in Criminal Case SDC255402.) He also admitted that he brought

22  marijuana into the jail. (Id.) Plaintiff received a one-year, four- month sentence for the

23  incident. (Doc. 11-1, at , Exhibit C.)

24      On August 2, 2016, Plaintiff filed a motion to amend his complaint to add

25  additional claims of excessive force and for unlawful search for the following: 1)

26  when an unnamed deputy threatened to "tase his balls" during the altercation with

27  Deputy Aleandru Galiu over the marijuana in Plaintiff's mouth; and 2) when another

28  unnamed deputy probed his anus with his fingers, presumably to search for drugs,

<center>2</center>

1  following the incident with Deputy Aleandru Galiu. (Doc. 21.)

2        Defendant has filed a motion to dismiss Plaintiff's original complaint (Docs. 7

3  and 11) and a response in opposition to Plaintiff's motion to amend his complaint

4  (Doc. 19).  In the motion to dismiss, Defendant argues that Plaintiff's lawsuit is barred

5  by his criminal conviction as Heck v. Humphrey, 512 U.S. 477, 486 (1994) prohibits

6  civil tort actions that would challenge outstanding criminal judgments. (Doc. 7-1, at

7  2.) Defendant also argues that Plaintiff failed to exhaust his administrative remedies as

8  to all claims that he wishes to advance before this Court. (Doc. 7-1, at 4; Doc. 19, at

9  2.) Defendants also oppose the motion to amend for similar reasons. (Doc. 19.)

## II. STANDARD OF REVIEW

11        A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the legal

12  sufficiency of Plaintiff's claims. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

13  The Court must assume the truth of the facts presented in Plaintiff's complaint and

14  construe inferences from them in the light most favorable to the nonmoving party

15  when reviewing a motion to dismiss under Rule 12(b)(6). Erickson v. Pardus, 551

16  U.S. 89, 94 (2007). Additionally, "a document filed pro se is 'to be liberally

17  construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less

18  stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Estelle v.

19  Gamble, 429 U.S. 97, 106 (1976)).

20        The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all

21  available administrative remedies before filing a § 1983 action in federal court. See 42

22  U.S.C. § 1997e(a). "The obligation to exhaust 'available' remedies persists as long as

23  *some* remedy remains 'available.' Once that is no longer the case, then there are no

24  'remedies ... available,' and the prisoner need not further pursue the grievance."

25  Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (quoting Booth v. Churner, 532

26  U.S. 731, 739-41 (2001)).

27        The Ninth Circuit has held that "defendants have the burden of raising and

28  proving the absence of exhaustion." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.

1   2003) (overruled on other grounds). This burden requires defendants to demonstrate

2   that the inmate has failed to pursue some avenue of "available" administrative relief.

3   Brown, 422 F.3d at 936-37. Because "failure to exhaust is an affirmative defense

4   under the PLRA, and ... inmates are not required to specially plead or demonstrate

5   exhaustion in their complaints," the defendant in a typical PLRA case will have to

6   present probative evidence that the prisoner has failed to exhaust available

7   administrative remedies under § 1997e(a). If in the rare case a prisoner's failure to

8   exhaust is clear from the face of the complaint, a "defendant may successfully move to

9   dismiss under Rule 12(b)(6) for failure to state a claim." Albino v. Baca, 747 F.3d

10  1162, 1169 (9th Cir. 2014). However, in the vast majority of cases, a motion for

11  summary judgment under Rule 56 is the appropriate avenue for deciding exhaustion

12  issues. Id. Although "disputed factual questions relevant to exhaustion should be

13  decided at the very beginning of the litigation," the plaintiff should be afforded the

14  post-answer discovery process when appropriate after a defendant has pled the

15  affirmative defense of failure to exhaust administrative remedies. Id. at 1171.

16  Although a motion to dismiss is not the appropriate method for deciding disputed

17  factual questions relevant to exhaustion, "[e]xhaustion should be decided, if feasible,

18  before reaching the merits of a prisoner's claim. If discovery is appropriate, the

19  district court may in its discretion limit discovery to evidence concerning exhaustion,

20  leaving until later – if it becomes necessary – discovery directed to the merits of the

21  suit." Id. at 1170. After the initial completion of discovery and before reaching the

22  merits of the case, "[i]f the evidence permits, the defendant may move for summary

23  judgment under Rule 56." Id. At 1169.

24      Generally, motions to amend a complaint are evaluated under Fed. R. Civ. P.

25  15, which provides that the court should "freely give leave when justice so requires."

26  Fed. R. Civ. P. 15. Although there is a strong policy permitting amendment, there are

27  limits: "In deciding whether justice requires granting leave to amend, factors to be

28  considered include the presence or absence of undue delay, bad faith, dilatory motive,

4

1  repeated failure to cure deficiencies by previous amendments, undue prejudice to the

2  opposing party and futility of the proposed amendment. ... Leave to amend need not

3  be given if a complaint, as amended is subject to dismissal." Moore v. Kayport

4  Package Esp., Inc., 885 F.2d 531, 538 (9th Cir. 1989) (citations omitted).

5                                    **III. DISCUSSION**

6  A. Heck Bar

7          Defendant argues that Plaintiff's claim is barred because it constitutes an

8  impermissible collateral attack on his criminal conviction for possessing drugs and

9  obstructing an officer with force during the incident upon which Plaintiff sues. (Doc.

10  11-1, at 5.)

11          Under Heck v. Humphrey, 512 U.S. 477 (1994), a section 1983 damages claim

12  that challenges a current conviction is not cognizable under the law. Heck, 512 U.S. at

13  486 "[I]n order to recover damages for allegedly unconstitutional conviction or

14  imprisonment, or *for other harm caused by actions whose unlawfulness would render*

15  *a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or

16  sentence has been reversed on direct appeal, expunged by executive order, declared

17  invalid by a state tribunal authorized to make such determination, or called into

18  question by a federal court's issuance of a writ of habeas corpus . . . A claim for

19  damages bearing that relationship to a conviction or sentence that has not been

20  invalidated is not cognizable under § 1983." Id. at 486-487 (emphasis added).

21          Here, Plaintiff's claim for excessive force is barred because he can only succeed

22  on the claim if there is a finding that Plaintiff did not possess marijuana in the San

23  Diego Central Jail and Plaintiff did not violently resist the confiscation of the drug

24  from the deputy sheriffs. Plaintiff was criminally prosecuted for violating Penal Code

25  section 4573.6 for possessing a controlled substance in jail and for violating Penal

26  Code section  69 for obstructing an officer with force while refusing to hand over a

27

28

1   bag of marijuana.[1] (Criminal Complaint Case No. SDC255402; see Doc. 11-1, Exhibit

2   B, Plea Form, and Exhibit C, Superior Court Judgment Minutes on Sentencing Case

3   No. SDC255402.) In Plaintiff's own words, Plaintiff pled guilty to "unlawfully

4   resist[ing] an officer with force during the lawful performance of his duties" and for

5   "knowingly bring[ing] marijuana into a penal institution." (Doc. 11-1, at 20.) As

6   Plaintiff can only recover monetary damages on his claim in this lawsuit if the officers

7   were not acting in the "lawful performance of his duties" when trying to confiscate the

8   illegal drugs in Plaintiff's possession, Plaintiff's section 1983 case must be dismissed

9   without prejudice as Plaintiff has not invalidated the related criminal convictions for

10   possession of marijuana and the use of force against a deputy, as well as the admission

11   that the deputy acted lawfully during the incident.

12   B. Exhaustion

13        At this stage in the litigation, Plaintiff does not have to prove exhaustion of

14   remedies. Plaintiff claims that he sought administrative relief with the Government

15   Claims Board. (Doc. 1, at 6.)  In his motion to amend, Plaintiff states that he

16   "completed the jails appeals process." (Doc. 21, at 6.) Even if the government had set

17   forth its own evidence refuting Plaintiff's claim that he attempted to exhaust, outside

18   evidence cannot be considered on a pre-answer motion to dismiss. See Albino v. Baca,

19   747 F.3d at 1166. The proper procedural mechanism for evaluating the exhaustion

20   issue in this case would be on a post-answer motion for summary judgment so that

21   Plaintiff can be afforded the opportunity to conduct discovery and put forth his own

22   outside evidence regarding the exhaustion issue. Thus, Defendant's motion to dismiss

23   on exhaustion grounds should be DENIED.

24    C. Motion to Amend

25        On August 2, 2016, Plaintiff filed a motion to amend his complaint. (Doc. 21.)

26   In the proposed amended complaint, Plaintiff proposed adding two new defendants,

27   _____

28   [1]Courts "may take notice of proceedings in other courts, both within and without the
federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex
rel Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

John Doe 1 and John Doe 2 in addition to the original claim. Plaintiff states that John Doe 1 threatened to "tase his balls" during the altercation with Deputy Aleandru Galiu over the marijuana in Plaintiff's mouth. Plaintiff also claims that John Doe 2 probed his anus with his fingers, presumably to search for drugs, following the incident with Deputy Aleandru Galiu. (Doc. 21.)

Although courts generally allow amended complaints at the pre-answer stage, the Court recommends denial of Plaintiff's motion to amend because of the futility of the proposed amendments. As stated above, Plaintiff original complaint should be dismissed because it is a section 1983 damages lawsuit that challenges a related current conviction, which is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Moreover, Plaintiff's first proposed claim, that John Doe 1 threatened to "tase his balls" during the altercation with Deputy Aleandru Galiu, fails to state an excessive force claim because "the use of guns, the use of vulgar language, and the requirement that the [person] lie face down on the ground" was not the use of excessive force that raises a constitutional issue. Robinson v. Solano County, 278 F.3d 1007, 1018 (9th Cir. 2002) (Fernandez, J., concurring). Furthermore, Plaintiff's proposed second claim, that John Doe 2 probed his anus with his fingers to search for drugs, also fails to state a Fourth Amendment claim because, even if the anal probe were a warrantless search, "'the exigencies of the situation make the needs of law enforcement so compelling that a warrantless search is objectively reasonable under the Fourth Amendment.'" In other words, it was reasonable for an individual within the central jail to probe Plaintiff's anus for additional drugs after he was in an altercation with deputy sheriffs over the possession of drugs. Thus, as Plaintiff has failed to state a constitutional claim with his proposed amendments, Plaintiff's motion to amend should be DENIED.

## IV. CONCLUSION

Defendant's motion to dismiss Plaintiff's complaint should be GRANTED on the ground that it is barred by Heck v. Humphrey. Plaintiff's motion to amend should also be DENIED as it fails to state any cognizable claim for relief.

1     Any written objections to this Report and Recommendation must be filed with

2  the Court and a copy served on all parties on or before **September 28, 2016.** The

3  document should be captioned "Objections to Report and Recommendation." Any

4  reply to the objections shall be served and filed on or before **October 7, 2016.** The

5  parties are advised that failure to file either of these documents within the specified

6  time periods may waive the right to raise those objections on appeal of this Court's

7  order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156 (9th Cir. 1991).

8

9  Dated: September 9, 2016

10

11        :

12                                                         Peter C. Lewis

13                                                         *United States Magistrate Judge*

14                                                         *United States District Court*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8