FILED

17 JAN 10 AM 9:38

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___/s/___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMANUAL C. PRICE,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY ALEXANDRU GALIU,<br>Deputy Sheriff in San Diego,<br><br>Defendant. | Case No.: 3:16-cv-00412-BEN-PCL<br><br>**ORDER:**<br><br>**(1) ADOPTING IN PART REPORT AND RECOMMENDATION;**<br><br>**(2) GRANTING DEFENDANT'S MOTION TO DISMISS/AMENDED MOTION TO DISMISS; and**<br><br>**(3) GRANTING PLAINTIFF'S MOTION TO AMEND**<br><br>[Docket Nos. 7, 11, 21, 25] |

Plaintiff Immanual Price, proceeding *pro se* and *informa pauperis*, brought this action under 42 U.S.C. § 1983, alleging a federal civil rights claim for cruel and unusual punishment. (Docket No. 1 at 3.) Defendant Alexandru Galiu filed a motion to dismiss,[1]

---

[1] Due to an apparent clerical error in addressing the Proof of Service, Plaintiff did not receive Defendant's initial Motion to Dismiss. Defendant subsequently filed an "Amended Motion to Dismiss," in which Defendant refiled the same Motion to Dismiss

1

and Plaintiff filed a motion to amend his complaint. (Docket Nos. 7, 11, 21.) Plaintiff's proposed amended complaint includes new facts and two additional defendants and causes of action. (Docket No. 21.) Both motions have been fully briefed.

Magistrate Judge Peter C. Lewis issued a Report and Recommendation recommending this Court grant in part Defendant's Motion to Dismiss and deny Plaintiff's Motion to Amend. (Docket No. 25.) Specifically, the Report and Recommendation found Plaintiff's claim against Defendant Alexandru Galiu was barred as an improper collateral attack on his criminal conviction for possession of drugs and obstructing an officer with force pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), that Plaintiff was not required to prove exhaustion of administrative remedies, and that Plaintiff's proposed amendments to his complaint were futile. (*Id.* at 5-7.) Plaintiff filed objections to the Report and Recommendation and Defendant filed a reply to those objections. (Docket Nos. 31, 33.) For the reasons that follow, the Court **ADOPTS in part** the Report and Recommendation.

## BACKGROUND[2]

On February 28, 2014, Plaintiff was searched for drugs by two unidentified deputy sheriffs in a dress out room in the San Diego Central Jail. (Compl. at 3.) The deputies suspected Plaintiff had drugs in his mouth, and forced him into a sitting position while he was naked. (*Id.*) A struggle ensued, and other deputies, including Defendant Galiu, responded to the commotion. (*Id.*) Unidentified deputies forced their fingers into Plaintiff's mouth in an attempt to prevent Plaintiff from ingesting the marijuana. (*Id.*)

During the struggle, Plaintiff was "flailing" and kicked Defendant Galiu in the groin. (*Id.*) Subsequently, Defendant Galiu allegedly punched Plaintiff in the left eye.

---

to correct the mistake. (Docket. No. 11.) The Court shall refer to both Motions as Defendant's Motion to Dismiss.

[2] The following overview of the relevant facts are drawn from the allegations of Plaintiffs' initial Complaint. (Docket No. 1.) The Court is not making findings of fact.

(*Id.*) Plaintiff further alleges he was then "slammed to the ground," and Defendant Galiu "proceeded to knee [him] in the nose several times." (*Id.*) Plaintiff asserts Defendant's Galiu's actions caused him to sustain an "orbital break," for which he has undergone an unsuccessful surgery, and a fractured nose. (*Id.*)

## DISCUSSION

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

Plaintiff objects that he is not precluded from bringing a Section 1983 claim for cruel and unusual punishment against Defendant Galiu under *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff further objects that Judge Lewis erroneously found that his proposed amended complaint failed to state a claim. For alternative reasons, the Court disagrees, overrules Plaintiff's objections, and adopts in part the Report and Recommendation.

### A.   Defendant's Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556–57 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to

raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly,* 550 U.S. at 556. "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The Court must assume the truth of the facts presented in Plaintiff's Complaint and construe inferences from them in the light most favorable to the nonmoving party when reviewing a motion to dismiss under Rule 12(b)(6). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The complaint is considered in its entirety, "as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Additionally, "a document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Defendant moved to dismiss Plaintiff's Complaint on the grounds that his claim was barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).[3] Under *Heck*, a section 1983 damages claim which effectively challenges a current conviction is not cognizable under the law. *Id.* at 486-487. After reviewing Plaintiff's Complaint, the Court finds

---

[3] Defendant's Motion to Dismiss also argued that dismissal was warranted because Plaintiff failed to exhaust his administrative remedies. (Docket Nos. 7, 11.) Neither party objected to Judge Lewis's finding that Plaintiff was not required to prove exhaustion at this stage in the litigation. (Docket No. 25.) Therefore, the Court need not review Judge Lewis's finding regarding exhaustion.

*Heck* analysis unnecessary to its conclusion that Plaintiff's complaint should be dismissed for failing to state a claim.

The operative Complaint alleges Defendant violated Plaintiff's civil right to be "free[] from cruel and unusual punishment." (Docket No. 1 at 3.) In order to state a claim for a civil right violation under section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a constitutional right. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Rinker v. Napa County,* 831 F.2d 829, 831 (9th Cir.1987) (internal citations omitted.)).

To support his claim, Plaintiff alleges Defendant used excessive force against him while he was in a "dress out room in San Diego Central Jail." (*Id.*) The critical deficiency of Plaintiff's pleading is that he failed to allege his custodial status, i.e. whether he was a pre-trial detainee or a convicted prisoner at the time of the incident. It is well established that the "the Fourteenth Amendment prohibits all punishment of pretrial detainees, while the Eighth Amendment only prevents the imposition of cruel and unusual punishment on convicted prisoners." *Demery v. Arpaio*, 378 F.3d 1020, 1028-1029 (9th Cir. 2004) (citing *Bell v. Wolfish,* 441 U.S. 520, 535 (1979)). In failing to identify his custodial status, Plaintiff has left the Court to speculate as to whether he can state an Eighth Amendment claim at all.[4]

For this reason, the Court finds Plaintiff has lacks "a cognizable legal theory under which relief may be granted." *Twombly, supra,* 550 U.S. at 556. Therefore, the Court **ADOPTS in part** Judge Lewis's recommendation to grant Defendant's Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

///

---

[4] Even construing the Complaint liberally, it appears he has failed to state a claim for relief under the Eighth Amendment. *See Zixiang Li, supra,* 710 F.3d at 999 (internal citations omitted).

### B.      Plaintiff's Motion to Amend

Leave to amend under Rule 15(a)(2) should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "has noted on several occasions . . . that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), . . . by freely granting leave to amend when justice so requires." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

Courts consider "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment" in deciding whether justice requires granting leave to amend under Rule 15. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 370 U.S. 178, 182 (1962)). Although each factor may warrant consideration, "prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. None of these factors weigh against granting leave.

Plaintiff's Motion to Amend seeks to allege three civil rights claims: (1) "excessive force" against Defendant; (2) "excessive force" against John Doe 1; and (3) "unreasonable search and seizure/abusive body cavity search" against John Doe 2, all arising out of the incident on February 28, 2014, upon which his initial complaint is based. (Pl.'s Mot., Ex. A.) Defendant opposes Plaintiff's Motion on the grounds that Plaintiff is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) from bringing a claim against Defendant, and because the proposed amendments are unrelated to the existing claim against Defendant and are futile. (Def.'s Opp'n at 1-2.)

Construing Plaintiff's proposed amended complaint liberally, it appears Plaintiff seeks to re-characterize his prior "cruel and unusual punishment" claim against Defendant as an "excessive force" claim. In the proposed claim for excessive force against John Doe 1, Plaintiff alleges John Doe 1 yelled "Tase [his] balls, tase [his] balls"

after Defendant allegedly punched him in the eye and kneed him in the nose. (*Id.* at 3.) The other proposed claim is for unreasonable search and seizure against John Doe 2 for anally probing Plaintiff, which also allegedly occurred after Defendant's alleged actions. (*Id.*)

The Report and Recommendation concluded that Plaintiff's proposed additional claim for excessive force failed to state a claim because "the use of vulgar language" is not cognizable as an excessive force claim. (Docket No. 25 at 7) (citing *Robinson v. Solano County*, 278 F.3d 1007, 1018 (9th Cir. 2002) (Fernandez, J., concurring)). In his Objections to the Report and Recommendation, Plaintiff conceded that "a deputy yelling 'tase his balls' would not reach constitutional dimensions." (Docket No. 31 at 1.) The Court agrees that Plaintiff failed to state a claim for excessive force against John Doe 1 for yelling "Tase [his] balls, tase [his] balls" and **ADOPTS** Judge Lewis's recommendation that Plaintiff's Motion to Amend be denied as to this proposed claim.

The Report and Recommendation also found Plaintiff's proposed claim for unreasonable search and seizure failed to state a claim because "even if the anal probe were a warrantless search, 'the exigencies of the situation make the needs of law enforcement so compelling that a warrantless search is objectively reasonable under the Fourth Amendment.'"[5] (Docket No. 25 at 7.) For alternative reasons, the Court finds Plaintiff's proposed amended complaint fails to state a claim against John Doe 2 for "unreasonable search and seizure/abusive body cavity search."

Plaintiff's proposed amended complaint alleges: "John Doe [2], while Plaintiff was face down and fully naked probed Plaintiff's anus with his fingers. Apparently either to embarrass Plaintiff or looking for something [sic]." This is the extent of Plaintiff's allegations against John Doe 2. (Pl.'s Mot., Ex. A at 4.) Plaintiff has not provided

---

[5] The Report and Recommendation appears to refer to a source that was ultimately unidentified. The Court assumes this was an inadvertent omission.

enough facts to state any claim, let alone a plausible one, against John Doe 2.[6] Again, although the Court construes *pro se* litigant's pleadings liberally, Plaintiff's meagre offerings provide no context as to his custodial status, whether he had any expectation of privacy, or whether exigent circumstances existed at the time of the incident. *See Bell v. Wolfish*, 441 U.S. 520, 545-546 (1979) ("simply because prison inmates retain certain constitutional rights does not mean that these rights are not subject to restrictions and limitations. 'Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.' (quoting *Price v. Johnston*, 334 U.S. 266, 285 (1948)) . . . This principle applies equally to pretrial detainees and convicted prisoners. A detainee simply does not possess the full range of freedoms of an unincarcerated individual.") In short, the Court is once again left to speculate as to how Plaintiff's constitutional right was allegedly violated.

The Court acknowledges leave to amend should be freely given to *pro se* litigants. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Therefore, because Defendant has not demonstrated that Plaintiff's Motion is untimely, unduly prejudicial, or futile, the Court **GRANTS in part** Plaintiff's Motion to Amend. Plaintiff may amend his complaint to cure the deficiencies identified by the Court as to his claims against Defendant and John Doe 2 only.

## CONCLUSION

The Report and Recommendation is **ADOPTED in part**. Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's Motion to Amend is **GRANTED in part**. Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint, in

---

[6] In particular, the Court has serious doubts regarding the viability Plaintiff's claim that an officer's search "embarrassed" him. (Pl.'s Mot., Ex. A at 4.)

accordance with the Court's rulings.  Defendants shall file an answer or otherwise respond to Plaintiff's FAC within **twenty (20) days** of its filing.

**IT IS SO ORDERED.**

DATED: January 10, 2017

_____
HON. ROGER T. BENITEZ
United States District Judge