FILED

17 AUG -8 AM 10: 29

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMANUAL C. PRICE,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>DEPUTY ALEXANDRU GALIU,<br>Deputy Sheriff in San Diego, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 3:16-cv-00412-BEN-PCL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

On January 30, 2017, Defendant Deputy Alexandru Galiu filed a Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). (Docket No. 39.) On March 1, 2017, the Court took Defendant's motion under submission. (Docket No. 46.) On March 9, 2017, Plaintiff filed an untimely opposition to Defendant's Motion. (Docket No. 54.) The Court finds the Motion suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, Defendant's Motion is **GRANTED**.

///
///
///
///
///

# BACKGROUND[1]

On February 28, 2014, Plaintiff was "arrested and taken to San Diego County Jail by La Mesa PD[.]" (FAC at p. 3.) On the same day, while Plaintiff was a pretrial detainee, Plaintiff was escorted by Corporal Kyle Dobson and a second deputy "into a 'dress out' room, where incoming pretrial detainees trade out their street clothes for the jail outfit." (*Id.*) The deputies watched Plaintiff undress and when he was completely nude, "Corporal Kyle Dobson gave an order to 'face away from him, bend over and spread the buttocks.'" (*Id.*) "After doing this apparently unsatisfactorily Dobson, ordered Plaintiffs hands behind his back [sic]." (*Id.*)

Plaintiff, aware that he had "a small bindle of marijuana" between his buttocks, "grabbed the small bindle and put it in his mouth" instead of following Dobson's order. (*Id.*) Dobson and the deputy "rushed toward Plaintiff," and Dobson yelled "give me the drugs." (*Id.*) The deputies forced Plaintiff into a sitting position, applied force to Plaintiff's throat, and tried to grab the bindle out of Plaintiff's mouth. During the struggle, the bindle became lodged in Plaintiff's throat, preventing him from complying with the deputies' orders to spit out the drugs. Plaintiff began to panic and "began to flail in an attempt to gain enough space to cough up the bindle." (*Id.*)

"Suddenly Plaintiff felt a crushing punch to the left eye from Defendant Galiu." (*Id.* at pp. 2-3.) Plaintiff further alleges he was then "slammed to the ground," at which point the bindle became dislodged from his throat. (*Id.* at p. 3.) Defendant then "kneed" Plaintiff in the nose twice. (*Id.*)

Plaintiff asserts Defendant's actions caused him to sustain a "serious orbital fracture to the left orbital bone," for which he has undergone an unsuccessful surgery resulting in some vision loss, and a fractured nose. (*Id.*)

///

---

[1] The following overview of the relevant facts is drawn from the allegations of Plaintiff's FAC. (Docket No. 1.) The Court is not making findings of fact.

## PROCEDURAL HISTORY

On February 16, 2016, Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983, alleging a federal civil rights claim for cruel and unusual punishment against Defendant. (Docket No. 1.) After the Court granted in part both Defendant's motion to dismiss and Plaintiff's motion to amend his pleading (Docket No. 36), Plaintiff timely filed the operative FAC. (Docket No. 38.) Defendant now moves for dismissal of Plaintiff's FAC for failure to state a claim.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556. "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The Court must assume the truth of the facts presented in a plaintiff's complaint and construe inferences from them in the light most favorable to the nonmoving party when reviewing a motion to dismiss under Rule 12(b)(6). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The complaint is considered in its entirety, "as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court

may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).[2] Additionally, "a document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## DISCUSSION

Relying on *Heck v. Humphrey*, 512 U.S. 477 (1944) and *Yount v. City of Sacramento*, 43 Cal. 4th 885 (2008), Defendant asserts that Plaintiff's claim against him is barred as an impermissible collateral attack on his criminal conviction for California Penal Code section 69 (resisting an officer with force). In response,[3] Plaintiff, citing

---

[2] Defendant attached three documents in support of his motion to dismiss (Docket No. 39-2, Exs. A-C), which he asserts are judicially noticeable pursuant to Federal Rules of Evidence Rule 201. The three documents, which Plaintiff did not object to, appear to be certified copies of the criminal complaint for case number SDC255402 against Plaintiff (*Id.*, Ex. A), Plaintiff's plea form for case number SDC255402 (*Id.*, Ex. B), and the California Superior Court's Judgment Minutes on Sentencing for case number SDC255402 (*Id.*, Ex. C). Because these documents appear to directly pertain to the matters at issue, the Court shall take judicial notice of them. Fed. R. Evid. 201; *Daughtery v. Wilson*, No. 08CV408-WQH-BLM, 2009 WL 2579670, at *10 (S.D. Cal. Aug. 18, 2009) ("Generally, courts 'will not consider facts outside the record developed before the district court.' . . . However, courts 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.'") (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)).

[3] As noted above, Plaintiff filed an untimely opposition to the instant motion to dismiss, wherein Plaintiff requested the Court incorporate by reference the opposition he filed to Defendant's prior motion to dismiss his initial Complaint (Docket No. 13). Plaintiff indicated that he did not file an opposition because the instant motion to dismiss "does not raise any new ground, not addressed in Plaintiffs first 'Reply to Defendants Motion to Dismiss [sic].'" (Docket No. 54 at p. 2.) In the interests of promoting justice and judicial economy, the Court has reviewed the relevant portions of Plaintiff's opposition (Docket No. 13) in deciding the instant motion. Fed. R. Civ. P. 1. However, the Court cautions Plaintiff against any future assumptions that he may file an untimely response because his arguments had been previously addressed in an earlier filing.

4

*Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005), argues that his claim is not barred because a successful excessive force claim against Defendant would not necessarily imply the invalidity of his conviction for California Penal Code section 69. *See id.* at 696. The Court finds that Plaintiff's claim against Defendant, as pled, is barred by *Heck*.

"*Heck* precludes a Section 1983 claim based on actions which would 'render a conviction or sentence invalid' where that conviction has not been reversed, expunged, or called into question by issuance of a writ of habeas corpus." *Benavides v. City of Arvin*, No. F CV 12-0405 LJO GSA, 2012 WL 1910259, at *4 (E.D. Cal. May 25, 2012) (citing *Heck*, 512 U.S. at 486). In other words, *Heck* requires dismissal of a Section 1983 claim "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought[.]" *Id.* (quoting *Smithhart v. Towers*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam)). A district court determining whether the *Heck* doctrine applies must consider whether a plaintiff's success in his or her Section 1983 suit would "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence[.]" *Beets v. Cnty. of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting *Heck*, 512 U.S. at 487).

However, *Heck* does not shield liability from every Section 1983 claim solely because the claim is based on the same facts of the plaintiff's underlying criminal conviction. *Benavides v. City of Arvin*, No. F CV 12-0405 LJO GSA, 2012 WL 1910259, at *4. In *Smith v. City of Hemet*, the Ninth Circuit "recognized that an allegation of excessive force by a police officer would not be barred by Heck if it were distinct temporally or spatially from the factual basis for the person's conviction." *Beets*, 669 F.3d at 1042 (citing *Smith*, 394 F.3d at 699). In particular, a plaintiff may bring a Section 1983 claim "if the use of excessive force occurred subsequent to the conduct on which his conviction was based." *Smith*, 394 F.3d at 698 (emphasis in original omitted).

Additionally, the California Supreme Court in *Yount* explained that there may be cases in which *Heck* would not bar a plaintiff's Section 1983 claims:

///

> For example, a defendant might resist a lawful arrest, to which the arresting officers might respond with excessive force to subdue him. The subsequent use of excessive force would not negate the lawfulness of the initial arrest attempt, or negate the unlawfulness of the criminal defendant's attempt to resist it. Though occurring in one continuous chain of events, two isolated factual contexts would exist, the first giving rise to criminal liability on the part of the criminal defendant, and the second giving rise to civil liability on the part of the arresting officer.

*Yount*, 43 Cal. 4th at 899 (quoting *Jones v. Marcum*, 197 F. Supp. 2d 991, 1005, fn. 9 (S.D. Ohio 2002)). If, on the other hand, the facts giving rise to a plaintiff's claim cannot be separated into distinct incidents, or requires a court to engage in "temporal hair-splitting," such a claim is properly determined to be barred by *Heck*. *Fetters v. Cnty. of Los Angeles*, 243 Cal. App. 4th 825, 840 (2016) (citing *Truong v. Orange Cnty. Sheriff's Dept.*, 129 Cal. App. 4th 1423, 1429 (2005)); *see also Beets*, 669 F.3d at 1044.

Applying these considerations to the instant case, Plaintiff's claim against Defendant, as pled, does not survive Defendant's *Heck* challenge. According to the criminal complaint, Plaintiff was charged with, *inter alia*, resisting an officer with force under California Penal Code section 69 (Count 1), and battery upon Defendant (Count 3). (Docket 39-2, Ex. A.) Count 1 was based on the following allegations:

> On or about February 28, 2014, IMMANUEL CHRISTIAN PRICE did unlawfully attempt by means of threats and violence to deter and prevent another who was then and there an executive officer from performing a duty imposed upon such officer by law, and did knowingly resist by the use of force and violence said executive officer in the performance of his/her duty, in violation of PENAL CODE SECTION 69.

(*Id.* at p. 5.) In contrast, Count 3 was based on the following allegations:

> On or about February 28, 2014, IMMANUEL CHRISTIAN PRICE did willfully and unlawfully use force and violence upon the person of Deputy Galiu when said defendant, IMMANUEL CHRISTIAN PRICE knew and reasonably should have known that said person was a peace officer then

> and there engaged in the performance of his/her duties, in violation of PENAL CODE SECTION 243(b).

(*Id.*) The incidents giving rise to these charges occurred on the same date the alleged Section 1983 violation against Plaintiff occurred. (*Id.*; FAC at p. 3.) Ultimately, Plaintiff pled guilty to Count 1 and another count for possession of a controlled substance while in jail/prison. (Docket 39-2, Exs. A, B.)

Contrary to Defendant's assertion, it is not clear from the criminal complaint, plea form, or sentencing minutes that "Plaintiff was criminally prosecuted for violating Penal Code section 69 as a result of the encounter with defendant." (Docket No. 39-1, Mot. at p. 4.) As Plaintiff accurately argues in his opposition, Count 1, the only relevant count he pled guilty to, does not identify Defendant as the officer he resisted. In addition, the FAC alleges, and Defendant did not dispute, that at least two other officers were involved in the incident leading up to Defendant's alleged use of excessive force. At the same time, the FAC indicates that Plaintiff's conviction for resisting an officer arises out of same facts as the incident for which he now seeks damages. Plaintiff does not allege that his conviction has been "reversed, expunged, or called into question by issuance of a writ of habeas corpus." *Benavides*, 2012 WL 1910259, at *4. Thus, as pled, it appears *Heck* applies to Plaintiff's claim against Defendant, and the Court must determine whether Plaintiff is barred from recovery.

Relying solely on *Smith*, Plaintiff's opposition essentially argues that because "a variety of accusations" against him could form the basis of his conviction for California Penal Code section 69, he "is not necessarily attacking the validity of his conviction." (Docket No. 13, Pl.'s Opp'n at pp. 5-6.) But this is not the standard the Court is bound to apply. Rather, to overcome a *Heck* challenge, Plaintiff must demonstrate that his claim is not "fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought." *Smith*, 394 F.3d at 695 (quoting *Smithart*, 79 F.3d at 952) (internal quotations omitted). Here, Plaintiff's FAC does not articulate facts that plausibly establish that his claim arises from either a distinct incident within a continuous chain of

events, *Yount*, 43 Cal. 4th at 899, or is distinct temporally and spatially from the incident which led to his conviction for resisting an officer, *Smith*, 394 F.3d at 699.

As a result, the Court finds Plaintiff's FAC, as alleged, is barred under *Heck*, and must be dismissed. Therefore, Defendant's motion to dismiss for failure to state a claim is **GRANTED**. However, because the Court is unable to discern from the facts in Plaintiff's FAC or the judicially noticeable documents provided by Defendant whether amendment would be futile, the Court grants Plaintiff leave to amend his pleading.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's FAC is **DISMISSED without prejudice**. If Plaintiff elects to file a second amended complaint, he must do so within **twenty (20) days** of the date of this Order. If Plaintiff does not file a second amended complaint, the Clerk of the Court shall close this case without further order of this Court.

**IT IS SO ORDERED.**

DATED: August 7, 2017

HON. ROGER T. BENITEZ
United States District Judge