UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IMMANUAL C. PRICE,                          | Case No.: 3:16-cv-00412-BEN-PCL |
|---------------------------------------------|---------------------------------|
| Plaintiff,                                  |                                 |
| v.                                          | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| DEPUTY ALEXANDRU GALIU, Deputy Sheriff in San Diego, et al., |                     |
| Defendants.                                 |                                 |

Before the Court is the Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendant Deputy Alexandru Galiu. (Docket No. 57.) Plaintiff did not oppose or otherwise respond to Defendant Galiu's Motion. The Court finds the Motion suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, Defendant's Motion is **GRANTED**.

## BACKGROUND[1]

On February 28, 2014, while "Plaintiff was a pretrial detainee" at the San Diego County Jail," he was "ordered to undress as part of the initial booking process." (SAC at

---

[1] The following overview of the relevant facts is drawn from the allegations of Plaintiff's Second Amended Complaint ("SAC"). (Docket No. 56.) The Court is not making findings of fact.

1

p. 3.)² At that time, Plaintiff was alone in a "dress out room" with Corporal Kyle Dobson and a second deputy. (*Id.*) Once Plaintiff was nude and facing away from the deputies, he was ordered to "spread the buttocks and cough." (*Id.*) Plaintiff complied, after which one of the deputies "yelled, demanding that Plaintiff put his hands behind his back." (*Id.*) Plaintiff did not comply with this order, and instead "grabbed the small bindle of marijuana from his buttocks" and put it in his mouth "while facing the deputies." (*Id.*)

Dobson "rush[ed] toward Plaintiff" while yelling "spit out the drugs!" (*Id.*) (internal quotation marks omitted.) Plaintiff was unable to swallow the drugs because Dobson "established a tight grip" around his throat and "drove [him] backward" toward a bench against the wall. (*Id.*) "Plaintiff was forced into a sitting position and the struggle cause the bindle to become lodged in Plaintiff's throat." (*Id.*) At first, "plaintiff began to try and gain enough space between Dobson's hand and Plaintiff's throat to spit the bindle up." (*Id.* at pp. 3-4) Unsuccessful, "Plaintiff very momentarily flailed arms and legs in a panic, from lack of oxygen." (*Id.* at p. 4.) "Plaintiff then stopped flailing, hoping for mercy, and realizing that [his] attempt[] to swallow the bindle was a bad decision." (*Id.*)

While Dobson and the second deputy "took turns sticking their fingers in Plaintiff's mouth," Plaintiff alleges he suddenly "felt a solid punch to the left side" from Defendant Galiu. (*Id.*) Plaintiff further alleges Defendant Galiu "slammed [him] to the floor where [Defendant Galiu] proceeded to knee Plaintiff in the nose several times." (*Id.*) Plaintiff "coughed up the bindle upon being slammed to the floor by Galiu." (*Id.*)

Plaintiff asserts Defendant Galiu's actions caused him to sustain a "serious orbital fracture" and a fractured nose. (*Id.*)

**PROCEDURAL HISTORY**

On February 16, 2016, Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983, alleging a federal civil rights claim for cruel and

---

² All references to page numbers in the parties' documents are to the page numbers generated by the CM/ECF system.

unusual punishment against Defendant Galiu. (Docket No. 1.) After this Court granted in part both Defendant Galiu's motion to dismiss for failure to state a claim and Plaintiff's motion to amend his pleading (Docket No. 36), Plaintiff timely filed a First Amended Complaint. (Docket No. 38.)

On August 8, 2017, this Court granted Defendant Galiu's second motion to dismiss Plaintiff's First Amended Complaint for failure to state a claim without prejudice and with leave to amend. (Docket No. 55.) Plaintiff timely filed the operative SAC. Defendant Galiu now moves for a third time for dismissal of Plaintiff's SAC for failure to state a claim. (Docket No. 57.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556–57 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly,* 550 U.S. at 556. "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The Court must assume the truth of the facts presented in a plaintiff's complaint and construe inferences from them in the light most favorable to the nonmoving party when reviewing a motion to dismiss under Rule 12(b)(6). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The complaint is considered in its entirety, "as well as other sources

courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).[3] Additionally, "a document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## DISCUSSION

As he did in both of his prior motions to dismiss, Defendant Galiu asserts that Plaintiff's claim against him is barred as an impermissible collateral attack on his criminal conviction for California Penal Code section 69 (resisting an officer with force) under *Heck v. Humphrey*, 512 U.S. 477 (1944). As noted above, Plaintiff did not oppose or otherwise respond to the instant motion. Even construing the allegations of the SAC liberally, the Court agrees with Defendant Galiu that Plaintiff's claim is barred by *Heck*.

"*Heck* precludes a Section 1983 claim based on actions which would 'render a conviction or sentence invalid' where that conviction has not been reversed, expunged, or

---

[3] Defendant attached four documents in support of his motion to dismiss (Docket No. 57-2, Exs. A-D), which he asserts are judicially noticeable pursuant to Federal Rules of Evidence Rule 201. The four documents, which Plaintiff did not object to, appear to be certified copies of the criminal complaint for case number SDC255402 against Plaintiff (*Id.*, Ex. A), Plaintiff's plea form for case number SDC255402 (*Id.*, Ex. B), the California Superior Court's Judgment Minutes on Sentencing for case number case number SDC255402 (*Id.*, Ex. C), and an excerpt of the Reporter's Transcript of Proceedings for case (*Id.*, Ex. D). Because these documents appear to directly pertain to the matters at issue, the Court shall take judicial notice of them. Fed. R. Evid. 201; *Daughtery v. Wilson*, No. 08CV408-WQH-BLM, 2009 WL 2579670, at *10 (S.D. Cal. Aug. 18, 2009) ("Generally, courts 'will not consider facts outside the record developed before the district court.' . . . However, courts 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.'") (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)).

called into question by issuance of a writ of habeas corpus." *Benavides v. City of Arvin*, No. F CV 12-0405 LJO GSA, 2012 WL 1910259, at *4 (E.D. Cal. May 25, 2012) (citing *Heck,* 512 U.S. at 486). In other words, *Heck* requires dismissal of a Section 1983 claim "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought[.]" *Id.* (quoting *Smithhart v. Towers,* 79 F.3d 951, 952 (9th Cir. 1996) (per curiam)). A district court determining whether the *Heck* doctrine applies must consider whether a plaintiff's success in his or her Section 1983 suit would "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence[.]" *Beets v. Cnty. of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting *Heck*, 512 U.S. at 487).

Here, Plaintiff's claim, as alleged in the SAC (and in similar variations in the Complaint and First Amended Complaint (Docket Nos. 1, 38)), is barred by *Heck*. According to the criminal complaint, Plaintiff was charged with, *inter alia*, resisting an officer with force under California Penal Code section 69 (Count 1), and battery upon Defendant Galiu (Count 3). (Docket 57-2, Ex. A.) Count 1 was based on the following allegations:

> On or about February 28, 2014, IMMANUEL CHRISTIAN PRICE did unlawfully attempt by means of threats and violence to deter and prevent another who was then and there an executive officer from performing a duty imposed upon such officer by law, and did knowingly resist by the use of force and violence said executive officer in the performance of his/her duty, in violation of PENAL CODE SECTION 69.

(*Id.* at p. 5.) Count 3 was based on the following allegations:

> On or about February 28, 2014, IMMANUEL CHRISTIAN PRICE did willfully and unlawfully use force and violence upon the person of Deputy Galiu when said defendant, IMMANUEL CHRISTIAN PRICE knew and reasonably should have known that said person was a peace officer then and there engaged in the performance of his/her duties, in violation of PENAL CODE SECTION 243(b).

///

(*Id.*)  The incidents giving rise to these charges occurred on the same date the alleged Section 1983 violation against Plaintiff occurred.  (*Id.*; SAC at pp. 3-4.)  Ultimately, Plaintiff pled guilty to Count 1 and another count for possession of a controlled substance while in jail/prison.  (Docket 57-2, Exs. A, B.)

Although Count 1 does not specifically identify Defendant Galiu as the officer resisted, the SAC indicates that Plaintiff's conviction for resisting an officer arises out of the same facts as the incident for which he now seeks damages.  Throughout the entire episode identified by the SAC, Plaintiff admits he intentionally physically resisted the commands of at least three deputies who attempted to secure his compliance.  (*See* SAC at pp. 3-4.)  Once again, the SAC fails to articulate facts that plausibly establish that Plaintiff's claim arises from either a distinct incident within a continuous chain of events, *Yount v. City of Sacramento*, 43 Cal. 4th 885, 899 (2008), or is distinct temporally and spatially from the incident which led to his conviction for resisting an officer, *Smith v. City of Hemet*, 394 F.3d 689, 699 (9th Cir. 2005).  Moreover, Plaintiff did not allege that his conviction has been "reversed, expunged, or called into question by issuance of a writ of habeas corpus."  *Benavides*, 2012 WL 1910259, at *4.  As a result, the Court finds Plaintiff's claim against Defendant Galiu barred under *Heck*.

Accordingly, Defendant's motion to dismiss for failure to state a claim is **GRANTED**.  Furthermore, because Plaintiff has failed his third attempt to meet his burden to state facts to state a plausible claim for relief, and did not respond to Defendant's motion, the SAC is **DISMISSED without leave to amend**.

**IT IS SO ORDERED.**

Dated:  December 12, 2017

Hon. Roger T. Benitez
United States District Judge

6

3:16-cv-00412-BEN-PCL